## Case No. 12,995.

### In re SMITH.

[1 Woods, 478;[1] 13 N. B. R. 256.]

Circuit Court, S. D. Georgia. April Term, 1871.

BANKRUPTCY—DISCHARGE—OMISSION TO SCHEDULE PROPERTY—INTENTION.

An omission to include all his property in his schedule is not of itself cause for refusing a bankrupt his discharge. The omission must be for the purpose of concealment, or to mislead or defraud..

[Cited in Re Boynton, 10 Fed. 279.]

This was a petition of review, filed under the second section of the bankrupt act, for the reversal of an order of the district court.

H. R. Jackson, for petitioner.
F. S. Hesseltine, for respondent.

BRADLEY, Circuit Justice. The petitioner asks for a reversal of the decree of discharge, because the district court overruled and disregarded a report of the register as to certain proceedings had before him, in which the creditor objected to the discharge, and desired a trial on the subject. If a creditor objects to the discharge of a bankrupt, the 31st section of the bankrupt act requires that he should file a specification in writing of the grounds of his opposition, and enacts

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

that the court may, in its discretion, order any question of fact so presented to be tried at a stated session of the court. The 24th general order requires the creditor to file his specification of the grounds of his opposition, in writing, within ten days after the time for showing cause, and directs that the court shall thereupon make an order as to the entry of said case for trial, etc. Supposing that the objections to the discharge in this case were properly filed, an examination of them, as certified by the register, shows that they could not, if fully sustained, have prevented the bankrupt's discharge. The specification is, that the schedule filed by him did not contain a full and complete statement of the property owned by him at the time of filing his petition; the following items not being contained therein, to wit: one tract of land, etc. (describing it, together with other property also described). An omission to include all his property in his schedule is not, of itself, cause for refusing a bankrupt his discharge. It must be done for the purpose of concealment, or to defraud, or to mislead. There must be false swearing, or some other of those delicts which are enumerated in the law as grounds for refusing a discharge. They are enumerated in the 29th section of the bankrupt act. A mere omission of property is not one.

The parties have sent up to the court a statement of facts alleged on the one side and the other, in reference to the matter specified; but it does not aid the objection, but rather shows that the debtor had an excuse, if not an entire justification, for the omission. It seems that the property omitted was, in 1865, decreed to be conveyed to a trustee for the benefit of the bankrupt's wife. The creditor alleges that that decree was obtained by the procurement of the bankrupt, and was in fraud of creditors. It certainly could not have been procured in contemplation or in fraud of the bankrupt law, for it was rendered two years before the passage thereof. It raises an issue entirely distinct from and collateral to the issue in this case, and one that the assignee may well be justified in subjecting to a legal investigation. It is very possible that the assignee may recover the property, and employ it for the benefit of the creditors. But it must, at least, be conceded, that there was a plausible excuse for its omission from the schedule, and that a fraud in the procurement of that decree does not necessarily imply deceit in the omission of the property from the schedule. And as no perjury is charged against the bankrupt, nor any design to conceal the property, but the omission alone is relied on for preventing a discharge, I think the district judge was justified in overruling the objection, and refusing an issue. The decree is affirmed.